**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JENNIFER R. SCOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **NO. 3:18-CV-01815-S** |
| | § | |
| **MIMEDX GROUP, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

Defendant MiMedx Group, Inc. ("Defendant" or "MiMedx") files this Original Answer and responds to the numbered paragraphs in Plaintiff's Original Complaint (the "Complaint") (Dkt. 1) as follows:

**I.    JURISDICTION**

1.    Defendant admits that this Court has jurisdiction of this action; Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.    Defendant admits venue is proper; Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

**II.    PARTIES**

3.    Defendant is without sufficient knowledge to admit or deny the place of Plaintiff's residence as alleged in Paragraph 3 of the Complaint; therefore, such allegations are denied.

4.    Defendant admits the allegations contained in Paragraph 4 of the Complaint.

**III.    OVERVIEW**

5.    Defendant denies the allegations contained in Paragraph 5 of the Complaint.

**IV.    FACTS**

6.    Defendant admits that it is publicly traded on the NASDAQ exchange.

Defendant admits that it is a leading developer and marketer of regenerative and therapeutic biologics, including amniotic tissue and fluid. Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that it previously employed Plaintiff as a Regional Sales Director – Orthopedic and Spine. Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits at relevant times it utilized a system known as "tissue tagging" to track and assign credit to sales representatives for the sale of certain tissues for commission purposes. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits a Tissue Tagging Resolution Form is prepared and submitted for credit-tagging issues that cannot be resolved between sales representatives; If the matter remains unresolved through various steps, it may then be escalated to the Tissue Tagging Review Board for review and resolution. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that Kevin Lilly, among other Defendant employees, sat on the Tissue Tagging Resolution Board. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11; therefore, such allegations are denied.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13; therefore, such allegations are denied.

14. Defendant is without knowledge or information sufficient to admit or deny

the allegations in Paragraph 14; therefore, such allegations are denied.

15. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 15; therefore, such allegations are denied.

16. Defendant denies Plaintiff's allegations regarding the misreporting of revenue; With respect to Plaintiff's alleged conversations and the purported contents of same, Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16; therefore, such allegations are denied.

17. Defendant admits Wound Care is a multi-billion dollar market, and Defendant also admits that some Wound Care products are reimbursed by insurance and Medicare. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits Plaintiff submitted a Tissue Tagging Review Form to the Tissue Tagging Review Board in December 2016. Defendant admits Kevin Lilly was a

member of the Tissue Tagging Review Board at the time of Plaintiff's submissions in December 2016.  Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant admits the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant admits Plaintiff's position was eliminated.  Defendant admits certain of Plaintiff's prior duties were taken over by a MiMedx employee as a result of a reorganization and reduction in force.  Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant admits Plaintiff's position was eliminated and her duties were taken over by another MiMedx employee as a result of a reorganization and reduction in force.  Defendant denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     In June 2018, MiMedx announced that its previously-issued financial statements relating to fiscal years ended December 31, 2012 to present should be restated and should no longer be relied upon and that its controls over financial reporting for that time period were ineffective.  Defendant denies the remaining allegations contained in

Paragraph 32 of the Complaint.

## V.     OSHA

33.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33; therefore, such allegations are denied.

## VI.    EEOC

34.     Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 34; therefore, such allegations are denied.

## VII.   CAUSES OF ACTION

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

## VIII.  DAMAGES

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits Plaintiff seeks punitive damages.   However, Defendant denies that Plaintiff is entitled to punitive damages.

39.     Defendant admits Plaintiff seeks reinstatement.   However, Defendant denies that Plaintiff is entitled to reinstatement.

40.     Defendant admits Plaintiff seeks recovery of attorney fees.   However, Defendant denies that Plaintiff is entitled to recover attorney fees.

41.     Defendant admits Plaintiff seeks costs of court and expert fees.   However, Defendant denies that Plaintiff is entitled to costs of court and expert fees.

## IX.    JURY DEMAND

42.     Defendant admits Plaintiff demanded a jury trial.   Defendant denies that

Plaintiff is entitled to a jury trial.

## X.  PRAYER

43.    Defendant denies Plaintiff is entitled to any of the relief requested in Paragraph 43 of the Complaint, including subparagraphs (1)-(6).

## XI.  GENERAL DENIAL

To the extent not expressly admitted, Defendant generally denies each and every, all and singular, material allegation contained in the Complaint, and requests the Court require strict proof of all allegations made by Plaintiff not expressly admitted by Defendant.

## XII.  AFFIRMATIVE AND OTHER DEFENSES

Defendant pleads the following defenses, in the alternative if necessary, and without waiving Plaintiff's burden to show otherwise, and reserves the right to plead additional defenses that may become apparent during the defense of this case:

1.    Plaintiff failed to state a claim upon which relief may be granted.

2.    Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitations.

3.    Plaintiff's claims for monetary relief and damages are barred to the extent that she failed to mitigate alleged damages, if any.

4.    Any action taken by Defendant was for legitimate, nondiscriminatory and non-retaliatory business reasons, not on account of Plaintiff's gender or engagement in alleged protected activity.

5.    Defendant exercised reasonable care to prevent and/or promptly correct any allegedly discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities.

6.    All actions taken toward Plaintiff were reasonably necessary for the normal operation of Defendant's business and were based on job-related factors that were

consistent with business necessity.

7.     The damages in this case are limited by any applicable statutory cap.

8.     The damages and remedies requested in the demand may be barred, in whole or in part, by the doctrine of after-acquired evidence, depending on what the discovery in this case may show.

9.     Defendant is entitled to a set off against Plaintiff's alleged damages in the amount(s) she received or earned, or could have received or earned through reasonable efforts.

10.     Any act or omission complained of by Plaintiff was based on reasonable and lawful factors unrelated to any protected characteristic, and the same actions would have been taken based on legitimate, non-discriminatory grounds regardless of any protected status.

11.     To the extent that Plaintiff's claims are based on actions allegedly taken by individuals other than Defendant or its agents, or based on conduct that is outside the scope of the individual's employment, Defendant is not responsible for such actions, vicariously or otherwise.

12.     Plaintiff's claims are barred in part and/or in whole by her failure to exhaust her administrative remedies.

13.     Defendant's actions were taken in good faith, in reliance upon information and reasonable belief that such actions were legal, appropriate and necessary.

## XIII.  PRAYER

Defendant respectfully requests that Plaintiff take nothing by her suit, and that Defendant be awarded its costs, attorneys' fees, expenses, and all other legal and equitable relief to which it may be entitled.

Dated:  August 24, 2018                Respectfully submitted,


                                       */s/ Harold D. Jones*
                                       Harold D. Jones
                                       Texas State Bar No. 10894020
                                       Jamie Lauren Strickler
                                       Texas State Bar No. 24071192

                                       LITTLER MENDELSON
                                       A Professional Corporation
                                       2001 Ross Avenue
                                       Suite 1500, Lock Box 116
                                       Dallas, TX  75201-2931
                                       214.880.8100
                                       214.880.0181 (Facsimile)
                                       hdjones@littler.com
                                       jstrickler@littler.com

                                       **ATTORNEYS FOR DEFENDANT
                                       MIMEDX GROUP, INC.**

## CERTIFICATE OF SERVICE

On August 24, 2018, I electronically submitted the foregoing document with the clerk of the U.S. District Court, Northern District of Texas, Dallas Division, using the court's Case Management/Electronic Case Filing System (CM/ECF).  I hereby certify that I have served all counsel electronically and based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

Jason S.N. Smith
Law Offices of Jason Smith
600 Eighth Avenue
Fort Worth, Texas 76104
jasons@letsgotocourt.com
Facsimile:  (817) 334-0880

*/s/ Harold D. Jones*
Harold D. Jones
Jamie Lauren Strickler