IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER R. SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-01815-S |
| | § | |
| MIMEDX GROUP, INC. | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR PROTECTIVE ORDER AND MOTION TO SUPPRESS AUDIO RECORDINGS**

TO THE HONORABLE KAREN GREN SCHOLER,
UNITED STATES DISTRICT JUDGE:

COMES NOW, the Plaintiff, Jennifer R. Scott, and respectfully submits this opposition to Defendant MiMedx Group, Inc.'s motion for protective order and motion to suppress audio recordings (ECF No. 28). For the reasons set forth below, Defendant's motion is without basis in law and in fact, and therefore, must be denied.

**I.     BACKGROUND AND FACTS**

Plaintiff filed this action on July 13, 2018 alleging sex discrimination under Section 706 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as well as under 18 U.S.C. § 1514A et. seq. (Sarbanes Oxley). Plaintiff avers that Defendant discriminated against her and terminated her employment because of her sex. Furthermore, Plaintiff alleges that Defendant terminated her employment because she lawfully reported actions that resulted in the misreporting of Defendant's revenue to her supervisor.

In January of 2017, Defendant held its national sales meeting at the Ritz Carlton hotel in Orlando, Florida. (App. 4). During a period of free time on the afternoon of January 30, 2017,

senior vice president of sales for Defendant, Kevin Lilly ("Lilly"), hosted a gathering in his hotel room with several male members of the sales team, including Ricky Palmer, Joe Panther, Lane Clark, and Frank Braly. (App. 14-16). The men discussed, among other things, certain female employees of Defendant -- including Plaintiff, then an ex-employee -- in sexist terms. (App. 4-5, 14-21).

Two other employees of Defendant -- Amy Powers and Susan Schardt -- were staying in the adjacent room and could clearly hear the contents of the loud conversation from their balcony, which was occurring in Lilly's hotel room and on his balcony. (App. 14-21). At a certain point, Ms. Powers and Ms. Schardt were so shocked by what they were hearing, that they began to record the conversation on their telephones, evidencing the uncouth behavior of their male colleagues. (App. 16-28, 49, 50).

Among the comments that were either recorded or written down by Ms. Powers and Ms. Schardt were: (1) Lilly commenting on Plaintiff: "If there's one person who could fuck up a wet dream, it's her"; (2) Lilly bragging about the role he played in getting Plaintiff fired; and (3) Lilly celebrating Plaintiff's termination by stating:

> Thank god, ding dong the wicked witch is dead. I had every part of that. Come here, I had every part of that and just so you know, I was sitting around, it was Carlton and Longo were in the room with Nick and I. So I was in a meeting we were doing all this transitioning shit, end I am sitting here going, for me the number one hated woman in this company is her.

(App. 1-29, 49, 50).

Powers testified recording the sexist comments she heard Lilly say.[1] (App. 1-29). When asked about the loud conversation in which he made repeated sexist comments about Robyn Scott, Lilly repeatedly testified that he did not remember what he said. (App. 30-48).

Defendant now moves for a protective order pursuant to Federal Rule of Civil Procedure 26, seeking to prohibit Plaintiff from offering the audio recordings and any evidence derived therefrom into evidence, on the basis that "[t]o allow Plaintiff to use or refer to irrelevant and illegally obtained recordings would be an []abuse of discovery." (ECF No. 28 at 7).

Specifically, Defendant avers that the recordings were illegally obtained under Florida law and therefore must be "suppressed"[2] pursuant to a Florida statute. Further, Defendant moves for relief pursuant to Federal Rule of Civil Procedure 26 on the grounds that the recordings are irrelevant to this action and prejudicial to Defendant.

While the recordings may be prejudicial to the substance of Defendant's case, they are so in a wholly relevant manner. Specifically, this case stems from Defendant's discrimination against and wrongful discharge of Plaintiff; recordings of Defendant's executive, after the fact, boasting about Plaintiff's termination and the basis therefore, is highly relevant to the issue of whether Plaintiff's sex was a motivating factor in her termination by Defendant and whether Lilly was involved in her termination.

---

[1] The recording of Lilly's comments merely confirms Powers' testimony regarding the sexist comments she heard Lilly make about Plaintiff and other women. (App. 4-28, 49). Certainly Powers can testify regarding the sexist things she heard Kevin Lilly say about Plaintiff and Plaintiff's termination regarding of whether such were recorded.

[2] While Defendant uses the term "suppress" to describe the relief sought, "suppression" is not available in a civil case in federal court. Rather, "suppression" is a term employed in criminal matters, while a more appropriate phrasing would be a motion in limine, or, alternatively, simply requesting the protective order. Nonetheless, beyond the semantic deficiencies of this request, as outlined below, the substance of the request is equally lacking in merit and jurisdiction.

Additionally, the recordings were obtained legally, as Lilly and his guests did not have a reasonable expectation of privacy in a hotel suite where their conversations carried easily across the closely-spaced balconies and through the hotel walls and open doors into adjacent rooms, balconies and public spaces. And even if there were potential issues with the legality of the recordings under Florida law, Defendant was not a party to the intercepted conversations and lacks standing to challenge their legality. Furthermore, the Federal Rules of Evidence govern this matter with regard to the admissibility of evidence, not Florida statutes. Under Federal Rules of Evidence, Lilly's sexist comments are relevant to Plaintiff's sex discrimination claim and are not stray remarks.

Thus, for the reasons set forth herein, the Court must deny Defendant's motion as being legally and factually without merit.

## II.   CONCLUSION

Because Lilly's sexist comments are relevant, Lilly did not remember what he said and the Florida law is inapplicable, Defendant's motion is without basis in law and in fact, and therefore, must be denied.

Respectfully submitted,

/s/ JASON C.N. SMITH
JASON C.N. SMITH
State Bar No.   00784999

LAW OFFICES OF JASON SMITH
600 Eighth Avenue
Fort Worth, Texas 76104
Telecopier: (817) 334-0880
Telephone: (817) 334-0898
E-mail: jasons@letsgotocourt.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 27, 2019, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court and in accordance with the Federal Rules of Civil Procedure. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Harold D. Jones.

      /s/ JASON C.N. SMITH
      JASON C. N. SMITH